1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DAVID JIMENEZ.,                          No.  1:24-cv-00840-SKO (HC)

12                    Petitioner,              **ORDER DIRECTING CLERK OF COURT**
                                               **TO ASSIGN DISTRICT JUDGE**
13         v.
                                               **FINDINGS AND RECOMMENDATIONS**
14                                             **TO DISMISS PREMATURE PETITION**
      TAMMY L. CAMPBELL, Acting Warden,
15
                     Respondent.
16

17

18         Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant

19    to 28 U.S.C. § 2254.  He is represented in this action by Aaron Spolin, Esq.  On July 22, 2024,

20    Petitioner filed a petition for writ of habeas corpus in this Court.  Upon review of the petition, the

21    Court finds it should abstain from interfering in ongoing state proceedings pursuant to Younger v.

22    Harris, 401 U.S. 37 (1971), and will recommend the petition be dismissed without prejudice.

23    **I.    DISCUSSION**

24         A.    Preliminary Review of Petition

25         Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

26    petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

27    entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

28    The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

1

1    habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

2    dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.

3    2001).

4         B.      Abstention

5         Petitioner was convicted in the Madera County Superior Court on December 23, 2020, of

6    numerous sex offenses involving a minor under the age of 10.  He was sentenced on January 25,

7    2021, to a term of 90 years to life.  He appealed to the California Court of Appeals.  On

8    November 30, 2022, the appellate court affirmed the judgment but remanded the matter for

9    resentencing.  On September 19, 2023, Petitioner filed a petition for writ of habeas corpus

10   unrelated to sentencing in the California Supreme Court, and the petition was denied on January

11   17, 2024. From the petition, it appears Petitioner's resentencing is ongoing.

12        It is premature for this Court to review Petitioner's collateral attack on his conviction

13   because direct review is still ongoing and there is no final judgment. A federal court's jurisdiction

14   to review the merits of a habeas petition commences, in pertinent part, on "the date on which the

15   judgment became final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A).

16        Under Younger v. Harris, 401 U.S. 37 (1971), federal courts may not enjoin pending state

17   criminal proceedings except under extraordinary circumstances. Id. at 49, 53. Younger abstention

18   prevents a court from exercising jurisdiction when three criteria are met: 1) there are ongoing

19   state judicial proceedings; 2) an important state interest is involved; and 3) there is an adequate

20   opportunity to raise the federal question at issue in the state proceedings. H.C. ex rel. Gordon v.

21   Koppel, 203 F.3d 610, 613 (9th Cir. 2000).

22        The Younger criteria are satisfied here. First, according to the petition, remand for

23   Petitioner's resentencing is still pending, and thus, judgment is not final. The Supreme Court has

24   stated: "'Final judgment in a criminal case means sentence. The sentence is the judgment.'"

25   Burton v. Stewart, 549 U.S. 147, 156 (2007) (quoting Berman v. United States, 302 U.S. 211, 212

26   (1937)). Second, resentencing proceedings implicate an important state interest in enforcing

27   criminal laws without federal interference. See Kelly v. Robinson, 479 U.S. 36, 49 (1986) ("[T]he

28   States' interest in administering their criminal justice systems free from federal interference is one

2

1    of the most powerful of the considerations that should influence a court considering equitable

2    types of relief") (citing Younger, 401 U.S. at 44-45). Finally, the California state courts provide

3    an adequate forum in which Petitioner may pursue his claims. See Pennzoil Co. v. Texaco, Inc.,

4    481 U.S. 1, 15 (1987) ("[A] federal court should assume that state procedures will afford an

5    adequate remedy, in the absence of unambiguous authority to the contrary."). When the state

6    proceedings have fully concluded and his conviction becomes final, Petitioner may seek federal

7    habeas relief. See, e.g., Fellows v. Matteson, 2020 WL 4805022 (C.D. Cal. May 18, 2020)

8    (prisoner "may seek federal habeas relief after his California state criminal proceedings, including

9    his pending SB 620 motion in the California Court of Appeal, have concluded with a final

10   judgment of conviction."). For these reasons, the Court does not find that extraordinary

11   circumstances warrant intervention.

12       The Court further notes that "courts in the Ninth Circuit have abstained under Younger

13   when a habeas petitioner's state resentencing appeal is pending." Duke v. Gastelo, 2020 WL

14   4341595, at *4 (C.D. Cal. June 24, 2020), *adopted*, 2020 WL 4339889 (C.D. Cal. July 28, 2020);

15   Vanhook v. Burton, 2020 WL 5203439 (E.D. Cal. Sept. 1, 2020) (recommending denial of

16   motion for stay and dismissal of federal habeas petition due to pending state appeal for

17   resentencing); *adopted*, 2020 WL 5943013 (E.D. Cal. Oct. 7, 2020); Sauceda v. Sherman, 2020

18   WL 2510639, at *4 (C.D. Cal. Feb. 7, 2020) (recommending dismissal of a federal habeas

19   petition due to pending state appeal for resentencing under Cal. P.C. § 1170.95), *adopted*, 2020

20   WL 1433678 (C.D. Cal. March 22, 2020); Phillips v. Neuschmid, 2019 WL 6312573, at *3 (C.D.

21   Cal. Oct. 18, 2019) ("courts implicitly find that granting federal habeas corpus relief would have

22   the practical effect of enjoining or interfering with the ongoing state judicial proceeding, even

23   where the state proceeding is limited to sentencing;" recommending dismissal of habeas petition

24   due to pending state appeal for resentencing); *adopted*, 2019 WL 6310269 (C.D. Cal. Nov. 22,

25   2019) (collecting cases).

26   **II.     RECOMMENDATION**

27       Based on the foregoing, the Court hereby RECOMMENDS the petition be DISMISSED

28   WITHOUT PREJUDICE as premature.

1    This Findings and Recommendation is submitted to the assigned District Court Judge,

2 pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of

3 Practice for the United States District Court, Eastern District of California.  Within twenty-one

4 (21) days after service of the Findings and Recommendation, Petitioner may file written

5 objections with the Court.  Such a document should be captioned "Objections to Magistrate

6 Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's

7 ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  Petitioner is advised that failure to file objections

8 within the specified time may waive the right to appeal the District Court's order.  Martinez v.

9 Ylst, 951 F.2d 1153 (9th Cir. 1991).  This recommendation is not an order that is immediately

10 appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1),

11 Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's

12 judgment.

13

IT IS SO ORDERED.
14

15 Dated:    **July 23, 2024**                      /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE
16

17

18

19

20

21

22

23

24

25

26

27

28

4