UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JIMENEZ,<br><br>Petitioner,<br><br>v.<br><br>TAMMY L. CAMPBELL, Acting Warden,<br><br>Respondent. | No. 1:24-cv-00840-KES-SKO (HC)<br><br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS AND GRANTING STAY<br><br>Docs. 4, 8 |

**I.      Background**

Petitioner David Jimenez is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition asserts a claim for ineffective assistance of counsel. Doc. 1 at 8. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 24, 2024, the assigned magistrate judge issued findings and recommendations to abstain and dismiss the petition without prejudice under *Younger v. Harris*, 401 U.S. 37 (1971). Doc. 4. Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within twenty-one (21) days after service. After being

1

1  granted an extension of time, petitioner filed objections to the findings and recommendations on
2  September 11, 2024.  Doc. 8.

3  The findings and recommendations reasoned that *Younger* abstention required dismissal
4  of the petition because petitioner is still pending resentencing in state court.  Doc. 4 at 2–3.
5  Petitioner was convicted on December 23, 2020, and on November 30, 2022 the California Court
6  of Appeal modified and affirmed the judgment but remanded for resentencing.  *Id.* at 2; *People v.*
7  *Jiminez*, B322505, at *3, 21 (Cal. Ct. App. Nov. 30, 2022).  The petitioner's resentencing is
8  ongoing.  *Id.*  Petitioner subsequently filed a state habeas petition which was denied by the
9  California Supreme Court on January 17, 2024, *id.*, and then filed his federal habeas petition in
10 this Court on July 22, 2024, Doc. 1.

11 **II.    Discussion**

12 In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de
13 novo review of the case.  Having carefully reviewed the file, including petitioner's objections, the
14 Court declines to adopt the findings and recommendations because *Younger* abstention is not
15 warranted under the Ninth Circuit's recent decision in *Duke v. Gastelo*, 64 F.4th 1088 (9th Cir.
16 2023).  In *Duke*, the Ninth Circuit held that *Younger* abstention did not apply when a federal
17 habeas petition was filed while a petitioner's state resentencing proceedings were ongoing, when
18 the state resentencing proceeding did not provide the petitioner the opportunity to raise the
19 constitutional challenge brought in his federal petition.  *Id.* at 1094–99.  The case at hand
20 warrants the same conclusion.  As such, the Court declines to abstain and instead stays the
21 petition pending completion of petitioner's resentencing.  *See id.* at 1098–99 (holding that district
22 courts have discretion to grant a stay when state resentencing proceedings are pending); *see also*
23 *Saddozai v. Smith*, No. 22-cv-05202-PCP, 2024 WL 3844721, at *4 (N.D. Cal. Aug. 1, 2024)
24 (staying petition in same procedural posture); *Sisounthone v. Neuschmid*, No. 2:18-cv-03181-
25 DAD-AC, 2024 WL 2094714, at *2 (E.D. Cal. April 5, 2024), *adopted* 2024 WL 3446710 (E.D.
26 Cal. July 17, 2024) (same).

27 The *Younger* doctrine demands "that a federal court should not enjoin a state criminal
28 prosecution begun prior to the institution of the federal suit except in very unusual situations. . . ."

2

*Samuels v. Mackell*, 401 U.S. at 66, 69 (1971).  The doctrine is based on two vital principles:

> One is the basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief. . . . This underlying reason for restraining courts of equity from interfering with criminal prosecutions is reinforced by an even more vital consideration, the notion of 'comity,' that is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.

*Younger*, 401 U.S. at 43–44.  *Younger* abstention is "an extraordinary and narrow exception to the general rule that federal courts have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given."  *Cook v. Harding*, 879 F.3d 1035, 1038 (9th Cir. 2018).

The Ninth Circuit has articulated a four-part test for determining when *Younger* applies.  "*Younger* abstention is appropriate when: (1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding."  *Duke*, 64 F.4th at 1094 (quoting *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (alterations in original)).  All four requirements must be met.  *Id.*

In *Duke*, the Ninth Circuit addressed the interaction of the *Younger* doctrine with a federal habeas petition filed while the petitioner's state resentencing proceedings were still pending.  The *Duke* petitioner had an ongoing state resentencing proceeding pursuant to California Penal Code § 1172.6, a statute that provides for resentencing in certain circumstances for defendants convicted of felony murder or murder under the natural and probable consequences doctrine.  *Duke*, 64 F.4th at 1091.  While that proceeding was ongoing, the petitioner filed his first federal habeas petition, raising several constitutional claims related to prosecutorial misconduct.  *Id.*  The petitioner chose to file prior to the conclusion of the state resentencing proceeding to avoid the Antiterrorism and Effective Death Penalty Act's ("AEDPA's") one-year statutory filing deadline,

1  *id.*, which begins to run on "the date on which the judgment became final by the conclusion of
2  direct review. . . ." 28 U.S.C. § 2244(d)(1)(A).
3         The Ninth Circuit held that the district court abused its discretion by dismissing the
4  federal habeas petition under *Younger*, finding that *Younger*'s third requirement was not met
5  because the petitioner did not have an opportunity to raise the constitutional challenges addressed
6  in his federal petition in the state court resentencing proceeding. *Id.* at 1094–97. The court noted
7  that the third requirement is the "animating rationale" of *Younger* because "a pending state
8  proceeding, in all but unusual cases, [will] provide the federal plaintiff with the necessary vehicle
9  for vindicating his constitutional rights." *Id.* at 1094, 1095 (quoting *Steffel v. Thompson*, 415
10 U.S. 452, 460 (1974)). When the pending state resentencing proceeding concerns only a state law
11 claim and does not provide any opportunity for the petitioner to raise federal constitutional
12 claims, "*Younger*'s comity concerns do not come into play," *id.* at 1095, and the federal court's
13 examination of the constitutional claim in a habeas petition does not demonstrate a lack of respect
14 for the state court's ability to do the same. *See Steffel*, 415 U.S. at 460–62.
15        In the case at hand, as in *Duke*, the pending state resentencing proceeding does not
16 provide the petitioner a chance to raise the ineffective assistance of counsel claim he brings in his
17 federal petition. *See* Doc. 1 at 11–14. Petitioner's state case was remanded only for resentencing
18 on unrelated state law grounds. *See Jiminez*, B322505, at *13, 21. The California court of
19 appeals remanded the case for resentencing because it modified two counts in the judgment to a
20 lesser-included offense, then affirmed the judgment as modified. *Id.* at *3, 6–13. In such a
21 resentencing proceeding under California law, a defendant may not challenge his underlying
22 conviction or assert constitutional violations at trial. *See Peracchi v. Superior Ct.*, 135 Cal. Rptr.
23 2d 639, 646 (Cal. 2003) ("[A] remand for resentencing [is] a limited order that does not disturb
24 the verdict or even necessarily disturb the judgment and the sentence previously pronounced. . .
25 ."). Petitioner thus cannot raise his constitutional claim in the remanded sentencing proceeding,
26 ///
27 ///
28 ///

4

1   *see Jiminez*, B322505, at *13, 21, and *Younger*'s third requirement is therefore not met.[1]

2   Petitioner exhausted his state remedies as to his ineffective assistance of counsel claim by specifically raising the claim in a state habeas petition to the California Supreme Court, *id.* at 3 ¶ 15, 8 ¶ 1; *In re Jiminez*, S281899 (Cal. Jan. 17, 2024), which denied it on the merits, *see Chambers v. McDaniel*, 549 F.3d 1191, 1197 (9th Cir. 2008) ("We construe[] a bare postcard denial from the California Supreme Court as a decision on the merits, for purposes of the exhaustion requirement, *unless that court expressly relied on a procedural bar.*"). The claim raised in Petitioner's federal habeas petition was thus presented and decided in state habeas proceedings, satisfying the exhaustion requirement. *See Chambers* at 1195–99 (9th Cir. 2008).[2]

3   The "salient point" in *Duke* was that, as is also the case here, *Younger*'s third requirement was not met. *Duke*, 64 F.4th at 1095. A distinction with *Duke* is that petitioner here was pending resentencing ordered on direct review, whereas in *Duke* the state court ordered the resentencing on collateral review. That distinction does not warrant a different result as to *Younger* abstention.

---

[1] The claim raised in petitioner's federal petition, ineffective assistance of counsel, is one that ordinarily cannot be made on direct appeal and must instead be raised in a habeas proceeding. *See People v. Mendoza Tello*, 15 Cal. 4th 264, 266–67 (Cal. 1997). In California, a defendant may not raise an ineffective assistance claim on direct appeal from a criminal conviction "if the record . . . sheds no light on why counsel acted or failed to act in the manner challenged, unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation [for counsel's conduct]." *Mendoza Tello*, 15 Cal. 4th at 266. As far as can be discerned from the petition and the docket of petitioner's state proceedings, the alleged ineffectiveness of petitioner's trial counsel would not be apparent in the record on direct appeal. *See* Doc. 1 at 16–23. Petitioner's claim could therefore be brought only on collateral attack in either a state habeas petition – as petitioner has already done, *see* Doc. 1 at 8 ¶ 1 – or a federal habeas petition.

[2] Petitioner does not have the opportunity to raise the claim in another state habeas proceeding. In California, a prisoner cannot re-raise a claim that the state court rejected once except under narrow circumstances that are not present here. *In re Reno*, 55 Cal. 4th 428, 476 (Cal. 2012), *rev'd on other grounds by in re Friend*, 280 Cal. Rptr. 3d 313 (Cal. 2021) ("There may be no more venerable a procedural rule with respect to habeas corpus than what has come to be known as the *Waltreus* rule; that is, legal claims that have previously been raised and rejected on direct appeal ordinarily cannot be reraised in a collateral attack by filing a petition for a writ of habeas corpus."); *see also In re Hill*, 325 Cal. Rptr. 3d 225, 254 (Cal. Ct. App. 2024) ("Of course, it would not be appropriate to consider this [claim if it] had previously been denied. . . ."); *Ex parte Miller*, 17 Cal. 2d 734, 735 (Cal. 1941) (summarily denying petition that raised a claim already considered by the state courts).

The state court in *Duke* ordered the resentencing on collateral review, after the *Duke* petitioner's conviction had become final on direct review. The statute which mandated resentencing in that case, California Penal Code § 1172.6, was passed after the *Duke* petitioner's conviction became final. Here, petitioner's conviction had not become final on direct review when he filed his petition on July 22, 2024. Doc. 1. In a criminal case, a conviction does not become final on direct review until the defendant is sentenced and all appeals are exhausted. *Burton v. Stewart*, 549 U.S. 147, 156 (2007). "But this alone does not warrant abstention under *Younger*, which separately requires that the ongoing proceedings provide the petitioner with an adequate opportunity to raise the constitutional questions presented in the federal habeas petition." *Saddozai v. Smith*, No. 22-cv-05202-PCP, 2024 WL 3844721, at *3 (N.D. Cal. Aug. 1, 2024).[3]

Petitioner, as in *Duke*, does not have the opportunity to raise his proffered constitutional claim in the remanded state sentencing proceeding, and his ineffective assistance claim has already been raised and decided against him in a state habeas proceeding. In *Duke*, the state conceded that the resentencing court was "not concerned with [the federal habeas] claims because [the proceedings are] narrowly focused on the statutory [resentencing] eligibility criteria, and the limited nature of [the resentencing proceeding] means the state court[] [does] not weigh whether a conviction was . . . tainted by trial error." *Duke*, 64 F.4th at 1094. Similarly, here, petitioner

---

[3] Although petitioner's conviction was not yet final on direct review, this Court still had jurisdiction over the petition. 28 U.S.C. § 2244(d)(1)(A) imposes a one-year statute of limitations for filing a habeas petition which begins on the date that the conviction becomes final on direct review. However, "the statute of limitations . . . is not jurisdictional." *Holland v. Florida*, 560 U.S. 631, 645 (2010). For purposes of determining a federal court's jurisdiction over a habeas petition, the requirement is not whether a petitioner's conviction is final on direct review, but whether the petitioner is "in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010) ("Section 2254(a)'s in custody requirement has been interpreted to mean that federal courts [have] jurisdiction over habeas corpus petitions [when] the petitioner is under the [judgment] under attack at the time the petition is filed." (emphasis added)). Here, petitioner is imprisoned at the California State Prison, Corcoran and he attacks the trial court's judgment of guilt, so he meets the "in custody" requirement. *See Bailey*, 599 F.3d at 979 (explaining that a petitioner held in a state prison satisfies the "in custody" requirement).

1 cannot assert his ineffective assistance by trial counsel claim at his resentencing hearing. *See*
2 *Peracchi*, 135 Cal. Rptr. 2d at 646. Therefore, although state resentencing proceedings are
3 ongoing, the primary concern evinced by *Younger* – comity – is not implicated here. *See Duke*,
4 64 F.4th at 1095. When a petitioner does not have the chance to litigate his federal constitutional
5 claim in the pending state proceeding, allowing a petitioner to proceed with his claims in federal
6 court will not "be interpreted as reflecting negatively upon the state court's ability to enforce
7 constitutional principles." *Steffel*, 415 U.S. at 462. Thus, *Younger* abstention does not apply.

8       In *Duke*, after concluding that the district court erred in dismissing the petitioner's federal
9 habeas petition, the Ninth Circuit held that a stay was appropriate. *Duke*, 64 F.4th at 1099. It
10 reasoned that AEDPA's one-year filing deadline might pass before the state resentencing
11 proceedings concluded, the state did not oppose the petitioner's request for a stay, and there was
12 no possibility a stayed federal petition would interfere with the state resentencing proceeding. *Id.*
13 Here, the latter two considerations are present: petitioner's request for a stay is, at this stage,
14 unopposed, and the stay will not interfere with the state proceedings. As the Ninth Circuit
15 reasoned, a "stayed federal petition cannot have the 'practical effect of enjoining the ongoing
16 state judicial proceeding.'" *Id.* at 1094 (quoting *Arevalo*, 882 F.3d at 765). And even if there is
17 no risk that the AEDPA filing deadline will pass while petitioner's resentencing proceeding is
18 ongoing because the clock will not start until the state proceedings are final, *see* 28 U.S.C.
19 § 2244(d)(1)(A), dismissal of the petition would still be an error under *Duke*. *Id.* at 1095 (holding
20 that "the district court erred by dismissing [the] habeas petition . . . because the test for *Younger*
21 abstention was not satisfied").

22       Accordingly, the Court grants petitioner's request for a *Duke* stay pending completion of
23 the state court resentencing proceedings.

24     **III.**    **Conclusion and Order**

25       "Properly framed, the third requirement for *Younger* abstention asks whether there
26 remains an opportunity to litigate the federal claim in a state-court proceeding at the time the
27 federal court is considering whether to abstain." *Duke*, 64 F.4th at 1096. There is no such
28 opportunity left for petitioner, so abstention and dismissal are not warranted. The Court stays the

petition until such time as the state resentencing proceedings and any related appeals have concluded.

Accordingly,

1. The Court declines to adopt the findings and recommendations issued on July 24, 2024, Doc. 4;
2. The petition for writ of habeas corpus, Doc. 1, is stayed; and
4. Petitioner is ordered to notify the Court once his state resentencing proceedings and any related appeals have concluded.

IT IS SO ORDERED.

Dated:  January 8, 2025

_____
UNITED STATES DISTRICT JUDGE